[No. 14936. Department Two. November 19, 1918.]

ADELINA GROSSO BADOLATO, *Respondent,* v.
FRANK NICHOLAS BADOLATO,
*Appellant.*[1]

DIVORCE (99)—CUSTODY AND SUPPORT OF CHILDREN—AGREEMENTS
OF PARTIES—EFFECT. A separation agreement providing for the cus-
tody and support of children and that the parties should not inter-
fere with each other is avoided where the husband thereafter inter-
fered with the wife, making threats to kill her; and the court in
granting a divorce is not bound by the separation agreement.

Appeal from a judgment of the superior court for
King county, French, J., entered January 23, 1918,
upon findings in favor of the plaintiff, in an action
for divorce, tried to the court. Affirmed.

*Vanderveer & Cummings* and *H. McC. Billingsley,*
for appellant.

HOLCOMB, J.—This is the second action brought by
plaintiff for a divorce from the defendant. The first
action was dismissed April 28, 1917, for failure of
proof. Thereafter the parties entered into a separa-
tion contract, the material parts of which are, in sub-
stance, that their two children were to be placed in
a home selected by three persons, and that the hus-
band was to pay not to exceed $25 per month for board
and care while thus maintained. Each party had the
right to visit the children at proper times. It was
further agreed that the parties would in nowise mo-
lest or in any way interfere one with the other.

Defendant denied the allegations of plaintiff's com-
plaint and pleaded a cross-complaint. We have care-
fully read the testimony in this case and believe that
it preponderates in favor of plaintiff. The separa-

[1]Reported in 176 Pac. 24.

tion contract is silent as to property rights of the parties and as to costs in the event of a divorce. The evidence shows that the defendant interfered with the plaintiff, making threats to kill her, subsequent to the dismissal of the first action. This would avoid the custody provision in the separation contract.

The trial court heard the evidence and was better able to judge as to the truth thereof than are we. The trial court awarded plaintiff a divorce, custody of the two small girls, with permission for reasonable visitation by defendant, who was decreed to pay to plaintiff for their support $25 monthly, commencing January 1, 1918. An equal division of the property was made, and an attorney's fee of $50 was granted plaintiff, with her costs. The defendant was obligated under the separation contract to pay $25 per month for the support of the children.

It is within the power of the court to grant the custody of children to one party or both, as will meet the best interest of the children. It has awarded them to the mother. In granting the decree the court was not bound by the separation agreement entered into by the parties when a change of conditions arose.

We find no error. Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.